UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60919-CIV-COHN/SELTZER

NANCY CAROL NIGRO,

    Plaintiff,

vs.

OFFICER E. CARRASQUILLO,
individually and in his official capacity,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS
## TO AMEND AND FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon two motions that remain pending following this Court's Order Granting Defendant's Motion for Summary Judgment.  Specifically, this Order addresses Plaintiff's Motion to Amend Complaint [DE 30] and Motion to Certify Class [DE 27].  The Court has reviewed the motions and related filings, and is otherwise advised in the premises.  Both Motions will be **DENIED**.

    **I.**    **Motion to Amend Complaint**

Plaintiff moved to amend her complaint on October 12, 2015.  The proposed Amended Complaint adds allegations supporting Plaintiff's claim against the City of Sunrise.  Specifically, Plaintiff now alleges that the City should be held liable for its failure to properly train Officer Carrasquillo.  This failure to train purportedly caused Officer Carrasquillo to use excessive force in violation of Plaintiff's Fourth Amendment rights.

Amendment is not appropriate in this case.  Per Federal Rule of Civil Procedure 15, the Court should freely give leave to amend when justice so requires. See Foman v. Davis, 371 U.S. 178, 182 (1962).  That said, the Court may deny leave to amend "where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment."  Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008).

Here, Plaintiff's proposed Amendment would be futile.  For the reasons stated in the Court's Order granting summary judgment against Plaintiff, there is no Fourth Amendment violation in this case.  The City's alleged failure to train Officer Carrasquillo cannot render it liable for a nonexistent violation.

Accordingly, Plaintiff's Motion to Amend will be denied.

## II.     Motion to Certify Class

Even though the Court has granted summary judgment against Plaintiff, it must still address Plaintiff's pending Motion for Class Certification.  See Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200, 1215–16 (11th Cir. 2003) (reversing a district court that mistakenly "thought that its decision granting [a defendant] summary judgment automatically disposed of the class certification issue").  This Motion, too, shall be denied.

Federal Rule of Civil Procedure 23 guides the Court in deciding whether class certification is appropriate.  Valley Drug Co. v. Geneva Pharm., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).  "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'" Little v. T-Mobile USA, Inc., 691 F.3d

2

1302, 1304 (11th Cir. 2012) (quoting DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970)).  "After a court determines that a class is ascertainable, it then considers whether the Rule 23 factors are met."  Bush v. Calloway Consolidated Group River City, Inc., No. 3:10-cv-841-J-37MCR, 2012 WL 1016871, at *3 (M.D. Fla. Mar. 26, 2012).

Rule 23 provides in pertinent part the following:

> **(a)** **Prerequisites.**  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members in impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.
>
> **(b)** **Types of Class Actions.**  A class action may be maintained if Rule 23(a) is satisfied and if : . . .
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

A plaintiff may maintain a suit as a class action only if all prerequisites of Rule 23(a) are satisfied and, in addition, the requirements of one of the three subsections of Rule 23(b) are met.  Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997); see also Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997).

A Court has broad discretion in deciding whether to certify a class.  Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1569 (11th Cir. 1992).  Although a district court is not to determine the merits of a case at the certification stage,

3

sometimes "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. at 1570 n.11.  The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action.  Heaven, 118 F.3d at 737.

Here, Plaintiff seeks to certify a class of "all people handcuffed or restrained by Defendant [Carrasquillo]" who have been and run the risk of being pepper sprayed in the future.  [DE 27 at 6.]  Per the Motion, Plaintiff believes "that anyone taken into custody under [Florida's] Baker Act by Defendant [Carrasquillo] faces a real and immediate threat of being pepper-sprayed while being handcuffed and in the back of a police car."  [Id.]  Plaintiff therefore "seeks declaratory and injunctive relief for a class of people handcuffed or restrained by Defendant [Carrasquillo] in order to prevent it from happening again."  [Id.]

Certification of this proposed class is inappropriate for many reasons.[1]  But, for the sake of judicial economy, the Court will focus on just one:  Plaintiff has failed to produce sufficient evidence that the proposed class satisfies Rule 23(a)'s numerosity requirement.  Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." Fuller v. Becker & Poliakoff, P.A., 197 F.R.D. 697, 699 (M.D. Fla. 2000).  The Eleventh Circuit has held that "generally less than twenty-

---

[1] For example, to the extent that Plaintiff bases her motion on a belief that pepper spraying a handcuffed suspect in the back of a police car is *per se* excessive force, she is incorrect.  The Eleventh Circuit has observed in dicta that in certain circumstances such a use of force would be "clearly not excessive."  Vinyard v. Wilson, 311 F.3d 1340, 1348 n.9 (11th Cir. 2002).  Excessive force claims under Section 1983 require a great deal of individualized inquiry inappropriate for resolution on a class-wide basis.  See Graham v. Connor, 490 U.S. 386, 396 (1989) (holding that determining such a claim "requires careful attention to the facts and circumstances of each particular case").

4

one is inadequate [for class certification], more than forty adequate." Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (internal quotation marks omitted).

Here, Plaintiff offers only once sentence in support of her contention that this case satisfies Rule 23's numerosity requirement. She states, "Numerosity is established here since Defendant is taking the position that he will pepper-spray handcuffed or restrained arrestees, including Baker Act arrestees, who are in the back of police cars." [DE 27 at 6–7.] This mischaracterizes Defendant's position. Defendant argues only that his decision to pepper spray Plaintiff in this litigation did not violate Plaintiff's Fourth Amendment rights. [DE 27-1 at 7–10.]

Moreover, the evidence does not support his contention. Plaintiff has advanced no evidence suggesting that Officer Carrasquillo has ever pepper sprayed another detainee who has been handcuffed in the back of a patrol car, or that he intends to do so in the future. Instead, the evidence shows that in Officer Carrasquillo's 23 years of police service, he has "only utilized force against a suspect/arrestee on one occasion" other than that at issue in this dispute. [DE 39-1 at 1.] Thus, there appears to be only one member of the proposed class. Consequently, Plaintiff has failed to meet her burden to show that there are sufficient members of the proposed class to satisfy Rule 23(a)'s numerosity requirement.

### III.   Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Amend Complaint [DE 30] is **DENIED**.
2. Plaintiff's Motion for Class Certification [DE 27] is **DENIED**.

5

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of December, 2015.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.